## MORTON VS. SCULL.

Where an agent, for the sale of property, is acting upon the line of business committed to him, his principal is chargeable with the false representations made by him.

Though representations may be false, they are not deceitfully fraudulent unless known to the maker to be false. (*Plant vs. Condit,* 22 *Ark.*)

The principal is liable for the false representations of his agent in the sale of a slave, where the purchaser buys upon the representations of the agent, without any previous knowledge of the slave, and with no means of then testing the correctness of the representations.

It is error to give instructions that are not applicable to the case, and which may mislead and confuse the jury.

While acting upon the matter of his agency a special agent binds his principal as effectually as a general agent can do.

In an action of deceit for falsely representing the qualities of a negro, who proved to be an incorrigible runaway, the measure of the plaintiff's damages is the difference between his value as he was, addicted to running away, and as he would have been, free from that vice, at the time when, and place where he was purchased.

### *Error to Jefferson Circuit Court.*

Hon. READ FLETCHER, Special Judge.

GARLAND & RANDOLPH, for the plaintiff.

It is well settled that if the representations of a vendor, on a sale of property, are false, to the knowledge of the party making them, this is sufficient to maintain an action for deceit. 2 *Rob. Prac.* 621, 622, 627; *Lobdell vs. Baker,* 3 *Metc. R.* 469; *Polhill vs. Walker,* 23 *Eng. Com. Law Rep.* 49.

Cousotte was the agent of Scull to sell the negro, and he had all the authority necessary to effect that object. This of course empowered him to tell the qualities of the negro, or even to warrant the title to him. *Story on Agency,* secs. 58, 59, 60, 61;

19

*Alexander vs. Gibson*, 2 *Camp.* 555; 6 *Cowen* 354; 23 *Wend.* 260; 1 *Metc.* 193.

Because Cousotte was Scull's agent to do a particular thing, it does not follow that his power to do that thing was any more restricted than would be the power of a general agent to do the same thing. On the contrary, his authority being limited to a particular business, did not make it special in the technical sense of the law, but it may be as general in regard to that business as if its range was unlimited. 21 *Wend.* 279; 23 *ib.* 260; 1 *Pet. Rep.* 264; *Story on Agency, note* 1, *to sec.* 133.

Upon the facts of the case, as they appear in evidence, we submit the jury should have found for Morton. He proved every thing he alleged, and the finding of the jury must have been because of the contradictory and abstract instructions given by the court.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

Morton sued Scull in an action for deceit, in falsely representing the qualities of a negro, which Scull, by his agent, Cousotte, made in selling the negro to Morton. Upon the trial the case of Morton was fully sustained by the evidence. The verdict was against Morton, and for this, if for no other reason, should have been set aside by the circuit court. And we think no violence would be done to the rule of this court, in reversing the judgment, because the circuit court refused a new trial, for the verdict being against the evidence. All of the proof in the case, with the exception of Cousotte's testimony, showed plainly that the negro sold was an incorrigible runaway, that Scull bought him as a runaway, that he had experience of this habit, while he owned the boy, and that when he started Cousotte to sell the negro, he was taken from jail, where he had been placed for safe keeping by Scull, after having been caught and returned to Scull. The false representations of Cousotte, and that the latter was agent, acting in the business for which Scull had commissioned him, that is, selling the negro boy Jim,

are well established. There can be no pretence of any contrariety of testimony, on any of these subjects, unless the evidence given by Cousotte himself, of his representations to Morton, might be claimed to be against the account given of the same matter by Blocker, who was present and heard what passed between Cousotte and Morton; and between these witnesses there seems to be no real contradiction, although Cousotte testifies differently from Blocker, as might be expected from his situation, but that difference is manifestly in making mention of other incidents, and not in relating facts that produce a conflict of testimony. We might say that the verdict was against all the evidence upon the material facts of Scull's knowledge of Jim's vicious habit, and of Cousotte's false representations concerning the negro, if the case were necessary to be put upon that ground alone.

In selling the negro, Cousotte was acting as the agent of Scull, upon the line of business committed to him, and Scull is chargeable with the false representations made by Cousotte.

The instructions given to the jury at the instance of Morton were not objected to, and except the last, seem to be unobjectionable. The last one will be remarked upon hereafter, as upon another trial of the case its subject will be under consideration in estimating the amount of the verdict, should Morton be able to show his right to a verdict, as he did on the former trial. To the first and second instructions of the defendant, there is no well founded objection. For, with regard to the first it may be said, that though representations may be false, they are not deceitfully fraudulent unless known to the maker to be false. *Plant vs. Condit*, 22 *Ark.*, covers and controls this case upon the subject of deceit and representation. The third instruction of the defendant should not have been given, for the facts clearly are that Morton, upon the representation of Cousotte, took the negro without any previous knowledge of him, and with no means of then testing the correctness of the representations. The first instruction given by the court, upon its own motion, is liable to the same objection. The other like instructions of the court, except a part

of the fifth, are upon the subject of warranty, which was not involved in the case, and therefore should not have been given, as their effect could only be to mislead or confuse the jury. That part of the fifth instruction not relating to warranty, but to general and special agency, is of the same character as the other, for it had no applicability to the case. The distinction between a general and special agent is to be noted only when the special agent has exceeded his power ; while acting upon the matter of his agency, he binds his principal as effectually as a general agent can do.

For the errors indicated, the judgment must be reversed, and the case remanded for a new trial. Upon another trial the fourth instruction of Morton should be modified. The damages sustained by Morton is the difference between the value of the boy Jim as he was, addicted to running away, and as he would have been, free from that vice, at the time Morton bought, and at the place of buying, that is, Jefferson county—with the comparative value of guaranteed and vicious negroes in New Orleans; with what Morton got for him there, or with his expenses there, or in being taken there, Scull has no concern. *McDonald vs. Crabtree*, 21 *Ark*. 431. This does not apply to damages that were caused directly by the negro's habit of running away, as the expenses incurred by his captures.